# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 3 C 3924 | **DATE** | 1/29/2004 |
| **CASE TITLE** | Calmedica vs. Novoste Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The motion to sever and transfer venue [13-1,2] is granted.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JAN 30 2004 date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 40 |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALMEDICA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 03 C 3924 |
| v. ) | |
| ) | Wayne R. Andersen |
| NOVOSTE CORPORATION and ) | District Judge |
| RUSH-PRESBYTERIAN- ) | |
| ST. LUKE'S MEDICAL CENTER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Novoste Corporation's motion to sever the claims filed by plaintiff Calmedica LLC against co-defendant Rush-Presbyterian-St. Luke's Medical Center. Defendant Novoste Corporation also has moved to transfer this case to the United States District Court for the Northern District of Georgia. Rush-Presbyterian-St. Luke's Medical Center has filed a motion to join Novoste's motion to sever and transfer venue. For the following reasons, the motion to sever and transfer venue is granted.

### BACKGROUND

This is a patent infringement dispute in which Calmedica has sued Novoste and Rush-Presbyterian-St. Luke's Medical Center ("Rush"). Calmedica owns two patents which are directed to a method (U.S. Patent No. 5,302,168) and apparatus (U.S. Patent No. 5,411,466) used for the treatment of coronary artery disease. Novoste manufactures and sells a catheter system known as the Beta-Cath system for use in the treatment of coronary heart disease. Rush uses Novoste's Beta-Cath system for the treatment of patients who suffer from coronary heart disease

and was one of the many medical centers that participated in the Beta-Cath system clinical trials that led to FDA approval of the product.

Calmedica filed a complaint alleging separate claims against Novoste and Rush. Calmedica alleges that Novoste directly infringes its apparatus patent by manufacturing and selling the Beta-Cath system and that Novoste also is liable for inducement of infringement because it is causing, and has caused, others to infringe its method patent. Calmedica also alleges that Rush directly infringes both patents because Rush uses the Beta-Cath system to treat its patients. Both Novoste and Rush have filed answers denying infringement and have plead that the patents-in-suit are invalid and unenforceable. Novoste has filed a motion to sever the claims against Rush and seeks to transfer the action to the Northern District of Georgia. Rush has joined Novoste's motion.

## DISCUSSION

### A. Severance of the Claims Against Rush

Novoste has moved to sever the action against Rush, arguing that Rush is a peripheral defendant and not a necessary party to the underlying dispute between Calmedica and Novoste. Pursuant to Federal Rule 21, "[a]ny claim against a party may be severed and proceeded with separately." It is not uncommon for courts to sever claims by patent holders against peripheral defendants in order to transfer the litigation to a more appropriate forum. *See, e.g., Safe Bed Technologies Co. v. KCI USA, Inc.*, 2002 WL 1769991 (N.D. Ill. July 31, 2002) (severing claims against a hospital that leased the accused product from the manufacturer as a peripheral defendant); *Ambrose v. Steelcase, Inc.*, 2002 WL 1447871 (N.D. Ill. July 3, 2002) (severing claims against a reseller of the accused infringing product).

2

Resolution of Calmedica's infringement claims against Novoste likely will resolve the same issues underlying any potential infringement claims that Calmedica may have against Rush. To prove that Novoste induced infringement of Calmedica's method patent, Calmedica must prove that someone directly infringed the patent by performing the patented method. It is not disputed that Novoste does not perform the patented method. However, to prove infringement of Calmedica's method patent, it is not imperative to prove Rush's alleged infringement.

Rush is merely one of Novoste's customers located throughout the United States that has purchased, used and continue to use the Beta-Cath system. Calmedica can establish the direct infringement element of its inducement claim by proving that anyone practiced the patented method using the Beta-Cath system supplied by Novoste. There is nothing particularly special about determining the alleged infringement of Rush as compared to any of Novoste's other customers using the Beta-Cath system.

It is transparent to this Court that Calmedica has named Rush as a defendant in this matter solely to justify venue in this Court. This is not a case in which a patent holder has sued a manufacturer along with its top purchasers or distributors. Rather, Rush is merely one of 59 hospitals worldwide that participated in the Beta-Cath clinical trials and one of Novoste's many customers located throughout the United States that is using the Beta-Cath system. In light of this as well as the arguments addressed below in resolving the transfer issue, we conclude that it is appropriate to sever the claims against Rush.

**B. Transfer of Venue**

Novoste also has moved to transfer this case to the Northern District of Georgia. Pursuant to 28 U.S. C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest

3

of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party has the burden to establish that the transfer forum is "clearly more convenient" than the transferor court. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-220 (7th Cir. 1986).

Transfer is appropriate pursuant to section 1404(a) when the moving party demonstrates that: (1) venue is proper is the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) a transfer will serve the convenience of the parties, the witnesses and the interests of justice. *Anchor Wall Systems, Inc. v. R&D Concrete Products, Inc.*, 55 F. Supp. 2d 871, 873 (N.D. Ill 1999). With the severance of Rush, venue is proper in this Court as well as in the Northern District of Georgia. Thus, resolution of this issue centers principally around the third factor.

The convenience and fairness inquiry for a transfer pursuant to section 1404(a) is determined on a case by case basis by looking at the private interests of the parties and witnesses and the public interest of the court. *Coffey*, 796 F.2d 219. Private interests generally include: (1) plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof in each forum; and (4) convenience to the parties. *Anchor Wall Systems, Inc.*, 55 F. Supp. 2d at 873.

### 1. Plaintiff's Choice of Forum

Although Calmedica filed suit in this District, its choice of forum has diminished significance because Calmedica is not a resident of the Northern District of Illinois. Thus, this factor is simply another factor in the mix and is not given any additional weight. *H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F. Supp. 627, 630 (N.D. Ill. 1997). The weight

4

given to a plaintiff's choice of forum is further lessened if the chosen forum lacks any significant connection to the lawsuit. *Anchor Wall Systems, Inc.*, 55 F. Supp. 2d at 874. In this case, Calmedica is not located in Illinois and does not appear to have any connection with this forum. Thus, little weight will be accorded Calmedica's choice of forum in this case.

### 2. Situs of Material Events

In patent cases, courts often focus on "the alleged infringing activities of the defendant and the employees and documents that evidence these activities," and the situs of the material events generally is where the alleged infringing activities occurred. *Sitrick v. Dreamworks LLC*, 2003 WL 21147898, at * 3 (N.D. Ill. May 14, 2003). In this case, the Northern District of Illinois has a de minimus connection with the operative facts giving rise to the alleged infringement while the Northern District of Georgia has a much greater connection because Novoste's research, development, manufacturing and sales activities are based in Georgia. Thus, consideration of the situs of material events strongly favors the transfer of this matter to Georgia.

### 3. Convenience of the Witnesses and Parties

The convenience of the witnesses often is viewed as the most important factor to consider in evaluating whether a transfer would be appropriate. *Ambrose*, 2002 WL 1447871, at * 3. Novoste has identified 16 witnesses of which 13 of those witnesses are located in Georgia. Neither party has identified any individual witnesses in Illinois.

With regard to convenience of the parties, neither party is located in Illinois, but one party is located in Georgia. Also, it is not a significant burden for Calmedica to travel from California to Georgia rather than to Illinois as in either instance Calmedica cannot avoid travel. Calmedica seeks to justify Illinois as its choice of forum on the ground that its counsel is located in Chicago.

5

However, this does not tilt the scales in favor of Calmedica in the transfer analysis. *See Hemstreet v. Scan-Optics, Inc.*, 1990 WL 36703, at * 4 (N.D. Ill. Mar. 9, 1990) (stating that "[t]he convenience and location of counsel have never been accorded weight in a transfer analysis"). Thus, convenience for the key witnesses and Novoste weighs in favor of transferring this matter while no material or relevant counterbalancing inconveniences have been identified for Calmedica.

### 4. Public Interests of Justice

The final consideration is whether a change of venue would serve the overall interests of justice. Public interests include a court's familiarity with applicable law and the desirability of resolving controversies in its locale. *Anchor Wall Systems, Inc.*, 55 F. Supp. 2d at 874. Both forums are equally familiar with federal patent law. However, because this lawsuit does not have any significant connection to this forum, the interest of justice is better served by transferring this matter to the Northern District of Georgia where the situs of material events occurred and where a majority of the witnesses and documents are located.

Having examined each of the factors enumerated above, we conclude that the continued litigation of this case in the Northern District of Georgia is clearly more convenient and in the interests of justice.

## CONCLUSION

For the foregoing reasons, Novoste's motion to sever the claims against its co-defendant Rush-Presbyterian-St. Luke's Medical Center is granted, and this mater is transferred to the United States District Court for the Northern District of Georgia.

_____
Wayne R. Andersen
United States District Court

Dated: January 29, 2004